IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JON EDWARD FEDONCZAK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | CASE NO. 2:10-cv-61-MEF-TFM |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | (WO) |
| INSURANCE COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Jon Edward Fedonczak ("Jon Fedonczak") and Candace Leann Fedonczak ("Candace Fedonczak") (collectively, "Plaintiffs") brought this case against State Farm Mutual Automobile Insurance Company ("State Farm"), EMC Insurance Company ("EMC"), and Kenneth Ray Grissom ("Grissom") (collectively, "Defendants"). (Doc. #1). Plaintiffs seek damages stemming from an automobile collision they allege Grissom caused. Now pending before this Court is State Farm's motion to transfer venue to the Northern District of Alabama, Eastern Division pursuant to 28 U.S.C. § 1404(a), joined by all other defendants. (Docs. #7, 17, & 19). For the reasons set forth in this Memorandum Opinion and Order, those motions are due to be DENIED.

**II. JURISDICTION AND VENUE**

Jurisdiction over Plaintiffs' claims is proper under 28 U.S.C. § 1332(a) (diversity).

The parties do not contest personal jurisdiction, and Defendants concede that venue is proper. The Court finds adequate allegations in support of both personal jurisdiction and venue.

### III. LEGAL STANDARD

United States Code Title 28, Section 1404(a) authorizes district courts to transfer an action from one proper district or division to another proper district or division "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003); *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1368 & n.1 (11th Cir. 2003). The movant has the burden to show that the requested forum is more convenient or that litigation there would be in the interest of justice, as federal courts afford deference to a plaintiff's choice of forum. *C.M.B. Foods, Inc. v. Corral of Middle Ga.*, 396 F. Supp. 2d 1283, 1285–86 (M.D. Ala. 2005) (citing In re *Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)). The district court has broad discretion in weighing the litigants' arguments for and against a transfer pursuant to § 1404(a). *Id.* at 1286; *see also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993). However, while § 1404(a) allows a transfer to a more convenient forum, it does not allow a transfer to a district "likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964). The decision on a motion to transfer pursuant to 28 U.S.C. § 1404(a) must be an individualized, case-by-case consideration of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

## IV. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their complaint in this Court on January 21, 2010, alleging that on or about August 28, 2008, Grissom negligently or wantonly drove his automobile into the rear of an automobile driven by Jon Fedonczak. Plaintiffs sue Grissom for negligence or wantonness and State Farm and EMC for coverage limits under separate underinsured motorist policies. Plaintiff Candace Fedonczak also seeks damages for loss of consortium.

Jon and Candace Fedonczak reside in Crestview, Florida, and Jon Fedonczak works in Luverne, located in the Middle District of Alabama. EMC issued a policy of insurance to Fedonczak's employer in Luverne, demonstrating that it does business in the Middle District of Alabama. State Farm does business by agent in both the Northern and Middle District of Alabama. Grissom resides in Piedmont, located in the Northern District of Alabama.

The alleged automobile collision giving rise to this case occurred on Interstate 20, which in Alabama passes through only the Northern District of Alabama. Cleburne County Emergency Medical Services ("CCEMS") responded to an emergency call involving Jon Fedonczak on the alleged date of the automobile collision. CCEMS only responds to emergency calls within Cleburne County, which sits in the Northern District of Alabama. Alabama State Troopers that responded to the automobile collision also reside and are stationed for work in the Northern District of Alabama. On the day of the alleged automobile collision, Jon Fedonczak was treated for injuries at Anniston Regional Medical Center, located in the Northern District of Alabama. He received subsequent treatment in Pensacola,

Florida and in the Middle District of Alabama.

Instead of answering, on February 17, 2010 State Farm filed its motion to transfer venue to the Northern District of Alabama, Eastern Division pursuant to pursuant to 28 U.S.C. § 1404(a). (Doc. #7). This Court responded with an order that set a March 24, 2010 deadline for briefing on the motion. (Doc. #11). State Farm, with leave of Court, filed supplemental evidence in support of its motion on February 26, 2010. (Doc. #15). Grissom joined the motion on that same date. (Doc. #17). EMC joined the motion on March 2, 2010. (Doc. #19). Plaintiffs filed their response in opposition to the motion on March 17, 2010. (Doc. #24). State Farm filed a reply brief on March 24, 2010. (Doc. #25). Grissom filed a reply brief on March 25, 2010, which the Court does not consider due to its being unsolicited and untimely. (Doc. #26).

## V. DISCUSSION

Resolution of a § 1404(a) motion requires a two-step process. First, the court must consider whether the case could have properly been brought in the requested transferee district. *Okongwu v. Reno*, 229 F.3d 1327, 1331 (11th Cir. 2000). Second, the court determines whether the case should be transferred, based on all convenience factors and the interests of justice. *Id*.

All parties agree that the first prong of the test is met in this case. Therefore, the Court will proceed directly to discussion of the second prong. Factors a court should consider for this second prong include (1) the convenience of the witnesses, (2) the location

of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) a forum's familiarity with the governing law, (8) the weight accorded a plaintiff's choice of forum, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Defendants argue that the case should be transferred to the Northern District of Alabama, Eastern Division for the following reasons: It is a more convenient forum for parties State Farm and Grissom. It is a more convenient forum for all witnesses connected to the date of the alleged automobile collision—except for Jon Fedonczak—including Grissom, Alabama State Troopers who responded, CCEMS personnel who responded, and medical personnel at Anniston Regional Medical Center. Defendants also dispute the inconvenience to Plaintiffs of transferring to the Northern District of Alabama, as Plaintiffs are residents of Florida rather than of the Middle District of Alabama.

Plaintiffs counter that the main issue in this case is the extent of Jon Fedonczak's damages, not the cause of the automobile collision. Therefore, the key witnesses are medical personnel and people involved in Jon Fedonczak's employment, not Grissom or law enforcement that responded to the accident. Because Jon Fedonczak received medical treatment subsequent to the date of the automobile collision in Florida and the Middle District of Alabama and his fellow employees work in the Middle District of Alabama, that

is a significantly more convenient forum for key witnesses than the Northern District of Alabama. Plaintiffs add that documents related to his medical care and work history are, as a result, also located either in the Middle District of Alabama or in Florida, closer to the Middle District of Alabama than the Northern District.

Plaintiffs also dispute some of the arguments made by Defendants in favor of transfer. Because Plaintiffs live in Florida and work in the Middle District of Alabama, they claim that the time and cost of traveling to the Northern District of Alabama would inconvenience them as both parties and witnesses. Plaintiffs further dispute the affidavit of State Farm claims adjuster Scott Goodall ("Goodall"), submitted by State Farm in support of its motion to transfer venue. Goodall states in his affidavit that it would be more convenient to him to have the case tried in Cleburne County in the Northern District of Alabama than in its current location in Montgomery County in the Middle District. However, Plaintiffs argue that Goodall's office in Birmingham, Alabama is only 13.57 miles closer to Cleburne County than to Montgomery County, a significantly shorter extra distance to travel than would be required of the Fedonczak's and those they argue are key witnesses if the case were transferred to the Northern District of Alabama.

Defendants reply that the facts surrounding the automobile collision itself are contested, so witnesses connected to that collision are key witnesses. Defendants add that Plaintiffs' choice of forum should be given less deference when none of the conduct at issue took place in that forum. Finally, Defendants argue that Plaintiffs took additional expense

into account when filing their lawsuit in the Middle District of Alabama, rather than near their residence in Crestview, Florida.

While Plaintiffs cite to the case of *Holmes v. Freightliner, LLC*, 237 F. Supp. 2d 690 (M.D. Ala. 2002), Defendants argue that this case, also arising from an automobile collision, actually supports transfer of this case to the Northern District of Alabama. Defendants point out the Court's statement that substantial weight is given to the plaintiff's chosen forum "when that forum *is connected with* the subject matter of the lawsuit," *id.* at 693 (emphasis added), and argue that the Middle District of Alabama is not connected with this lawsuit's subject matter. However, the Court went on to note that, while the automobile collision occurred in the proposed transferee forum of the Middle District of Georgia, the claims were for products liability and negligence connected with the maintenance and repair of one of the involved automobiles. *Id.* at 693–94. Because that maintenance and repair occurred in Alabama, the plaintiff's chosen forum of the Middle District of Alabama was accorded significant deference. *Id.* at 694.

Plaintiffs in this case bring tort claims with regards to the specifics of the automobile collision as well as underinsured motorist claims and a claim for loss of consortium. Therefore, both the details of the automobile collision and the extent of any subsequent damages and injury suffered by Plaintiffs are connected with the subject matter of the lawsuit. Because the Middle District of Alabama is one of the forums connected with this subject matter, Plaintiffs' chosen forum is given substantial deference.

The Northern District of Alabama is more convenient to witnesses and parties and is closer to relevant documents related to Plaintiffs' tort claim. Additionally, the locus of operative factors surrounding the automobile collision, central to the tort claim, exist in the Northern District of Alabama. However, the Middle District of Alabama, looking to the totality of the circumstances, is more convenient to the parties and witnesses and contains many of the operative facts and relevant documents for the underinsured insurance and loss of consortium claims. Furthermore, the relative means of the parties counsels towards keeping the case closer to the location of Plaintiffs' residence and workplace, given that two out of three defendants are insurance companies with greater resources than the two individual plaintiffs. At most, the balance of all factors only slightly favors the movant. Under these circumstances, and with deference given to Plaintiffs' choice of forum, the Court cannot say that transfer would be in the interest of justice. *See Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994) ("If the transfer would merely shift the inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant, the plaintiff's choice of venue should be given deference." (inner quotations omitted)).

Therefore, the motions to transfer venue are due to be DENIED.

## VI. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the motions to transfer venue (Docs. #7, 17, & 19) are DENIED.

DONE this the 4th day of May, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE
