IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JON EDWARD FEDONCZAK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:10-cv-61-MEF |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Opt Out (Doc. # 51), filed November 16, 2010; and Defendant EMC Insurance Company's ("EMC") Notice of Opting Out (Doc. # 54), filed November 17, 2010. The Court construes EMC's Notice of Opting Out (Doc. # 54) as containing a Motion to Opt Out. For the reasons stated below, these Motions are due to be GRANTED.

The Alabama Supreme Court's opinion in *Lowe v. Nationwide Insurance Company*, 521 So.2d 1309 (Ala. 1988) gives underinsured motorist carriers who are joined as parties to a lawsuit the right to choose not to participate in the proceedings. The insurer's election to opt out of the proceedings must be timely, but "whether the insurer's motion to withdraw is timely made is left to the discretion of the trial court, to be judged according to the posture of the case." *Ex parte Edgar*, 543 So.2d 682, 684 (Ala. 1989). However, under Alabama law, it "would not be unreasonable for the insurer to participate

in the case for a length of time sufficient to enable it to make a meaningful determination as to whether it would be in its best interest to withdraw." *Id.* at 685.

The Plaintiff argues that in this case, State Farm should not be able to exercise it's right to opt out under *Lowe* because State Farm has participated in the case through the close of discovery. It is the opinion of this Court, however, that State Farm's participation has not been unreasonable. State Farm filed its Motion to Opt Out less than two weeks after the last deposition was taken in this case. While State Farm still has a duty to defend Defendant Kenneth Ray Grissom, as his primary liability insurer, that duty should not affect State Farm's right to be dismissed from the lawsuit as a named party.

Plaintiffs have not contested EMC's Motion to Opt Out, and therefore this Motion is also due to be granted.

It is hereby ORDERED:

1. State Farm's Motion to Opt Out (Doc. # 51) is GRANTED.

2. EMC's Motion to Opt Out (Doc. # 54) is GRANTED.

3. The Clerk of the Court is DIRECTED to remove State Farm and EMC as parties to this lawsuit.

Done this the 3rd day of December, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE