IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JON EDWARD FEDONCZAK, *et al.*, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:10-cv-61-MEF |
| ) | |
| KENNETH RAY GRISSOM ) | |
| ) | (WO-DO NOT PUBLISH) |
|     Defendant. ) | |

# **MEMORANDUM OPINION AND ORDER**

On August 28, 2008, Plaintiff Jon Edward Fedonczak ("Fedonczak") and Defendant Kennth Ray Grissom ("Grissom") were involved in an automobile accident. Fedonczak and his wife (collectively "the Fedonczaks") sued Grissom for damages, claiming that Grissom negligently causing the accident. (Doc. # 1). On October 29, 2010, the Fedonczaks filed a Partial Motion for Summary Judgment (Doc. # 46), which is presently before the Court. For the foregoing reasons, that motion is due to be GRANTED.

## **I. JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) based on the diversity of the parties and an amount in controversy in excess of $75,000. The parties do not assert that this Court lacks personal jurisdiction over them, and there is no dispute that venue is proper pursuant to 28 U.S.C. § 1391(b).

## II. LEGAL STANDARD

Summary judgment pursuant to Federal Rule of Civil Procedure 56(a) is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party may demonstrate the existence of or absence of a genuine dispute as to any material fact by pointing to materials in the record "including depositions, documents, electronically stored information, affidavits, or declarations, stipulations. . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those evidentiary submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56 "requires the nonmoving party to go beyond the pleadings" and by its own evidentiary submissions or those on file, demonstrate that there is a genuine factual dispute for trial. *Id.* at 324. The Court must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary

judgment if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).

### III. FACTS AND PROCEDURAL HISTORY[1]

On August 28, 2008, at approximately 4:00 in the afternoon, Fedonczak was traveling east on Interstate 20 ("I-20") between Birmingham and Atlanta.  (Doc. # 47 Ex. 3, Tr. at 38–41).  At some point, the traffic in front of Fedonczak stopped due to road construction ahead, and Fedonczak came to a stop in the left lane of traffic next to an eighteen wheeler.  *Id.* at 42.  Grissom was driving in the right hand lane on I-20, and was looking away from the road for a period of time.  (Doc. # 47 Ex. 4, Tr. at 14). When he looked up, he noticed that an eighteen wheeler was either stopped or moving slowly about three to four car lengths in front of him.  *Id.* at 15.  To avoid hitting the truck, Grissom moved into the left lane and collided with Fedonczak's car.  *Id.* at 16.  Fedonczak had been stopped for several minutes when Grissom's car collided with Fedonczak.  Grissom admits that had he been looking at the road, the accident would not have occurred.  *Id.* at 19.  The weather was clear, and while Grissom reported that there was a small hill in the highway, he admits that the hill did not prevent him from seeing the stopped truck in time.  *Id.* at 18–19.

---

[1] The facts are almost entirely undisputed in this case.  In fact, Grissom does not dispute any of the facts set out in the Fedonczaks' motion.  (Doc. # 52 at 4).

The Fedonczaks brought suit against Grissom claiming negligence, wantonness, underinsured motorist, and loss of consortium. (Doc. # 1). The Fedonczaks have filed a partial motion for summary judgment, asking the Court to declare that Grissom was at fault in the underlying automobile accident. (Doc. # 47).

## IV. DISCUSSION

As a threshold matter, the Court must determine what portion of the Fedonczaks' complaint the partial motion for summary judgment actually pertains to. The Fedonczaks do not specify which claims on which they believe they are entitled to summary judgment. Grissom's response to the motion for summary judgment addresses all four of the Fedonczaks' claims. However, the context of the motion indicates that only the negligence cause of action is relevant here. Additionally, the motion is ambiguous as to which elements of the negligence cause of action the Fedonczaks seek summary judgment on. Initially, the Fedonczaks state that they wish to move for summary judgment only on the issue of whether Grissom was at-fault in causing the accident, specifically reserving the issues of causation and damages for the trier of fact. (Doc. # 47 at 2). However, later language in the brief seems to indicate that the issue of causation *is* raised on this motion. *Id.* at 4 ("Grissom was at fault in causing the wreck.")

After thoroughly reading all of the briefing on this motion, the Court has concluded that the Fedonczaks wish the Court to find that as a matter of law, Grissom had

4

a duty to keep a lookout while driving, and that he breached that duty on August 28, 2008. Therefore, the Court will neither analyze the other elements of a negligence claim nor the other claims raised in the Fedonczaks' complaint.

### A. *Negligence*

A defendant is liable for negligence if the plaintiff can show (1) the existence of a duty; (2) a breach of that duty; (3) causation of the injury; and (4) damages. *Prill v. Marrone*, 23 So. 3d 1, 6 (Ala. 2009). Whether the defendant in a negligence action owed the plaintiff a duty of care "is strictly a question of law." *Jones Food Co., Inc. v. Shipman*, 981 So. 2d 355, 361 (Ala. 2006). Whether a defendant breached a duty owed, however, is "normally resolved by the jury." *Id.*

#### 1. *Existence of a duty*

In general, a driver has a duty to exercise due care and to keep a lookout for others using the road. *Holley v. Josey*, 82 So. 2d 328, 332 (1955) ("The driver of an automobile must keep a reasonable lookout for danger or obstructions while driving along the public road."). If a driver cannot see clearly, "he has no right to assume that his course is free of danger, but must anticipate that some hazard lies immediately beyond his range of vision." *Id.* A driver is "chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent if he fails to discover a vehicle which, or a traveler whom, he could have discovered in time to avoid the injury in the exercise of reasonable care." *Pike Taxi Co. v. Patterson*, 63 So. 2d 599, 602 (Ala. 1953).

There is no dispute that Grissom was operating the car that struck Fedonczak. Therefore, Grissom, as a driver, owed a duty of reasonable care to keep a lookout for dangerous situations while driving. Summary judgment as to the existence of a duty in this case is due to the granted in favor of the Fedonczaks.

### 2. *Breach of the duty to keep a lookout*

The Alabama Supreme Court has found that undisputed evidence that the defendant had driven his vehicle into the rear of the plaintiff's vehicle, when the plaintiff's vehicle was lawfully stopped, is prima facie evidence that the defendant breached a duty of reasonable care. *Harshaw v. Nationwide Mut. Ins. Co.*, 834 So. 2d 762, 765 (Ala. 2002). The defendant is of course entitled to produce evidence which rebuts the plaintiff's prima facie case. *Id.* In *Harshaw*, the jury returned a verdict in favor of the defendant insurance company after hearing undisputed evidence that another driver had hit Harshaw's car from behind while she had been legally stopped at a traffic light. *Id.* at 763. The Alabama Supreme Court found that the jury's verdict was against the preponderance of the evidence, and was clearly "wrong and unjust." *Id.* at 765.

In this case, Fedonczak was lawfully stopped on the highway due to a traffic jam related to road construction. (Doc. # 47 Ex. 3, Tr. at 42). The Fedonczaks have produced undisputed evidence that Grissom hit the back of Fedonczak's car while Fedonczak was stopped. Grissom admitted in his deposition testimony that he knew of no other cause or contributing factor of the accident. (Doc. # 47 Ex. 4, Tr. at 19–20). He has given no

6

excuse for failing to keep an eye on the road. In other words, Grissom has failed to rebut the Fedonczaks' prima facie evidence of breach.

Grissom's sole argument in his response to summary judgment is that under Alabama law, the issue of breach is generally left up to the jury. (Doc. # 52). While this is generally true, Grissom has failed to create a genuine dispute of material fact as to whether he breached his duty to keep a reasonable lookout while operating a car. Grissom has not shown that a reasonable jury could find in his favor on the issue of breach. *Cf. Phillips v. Seward*, No. 1081226, 2010 WL 2546414, *4 (Ala. June 25, 2010) (affirming denial of plaintiff's motion for new trial where "fair minded persons in the exercise of impartial judgment could conclude" that the defendant's actions were reasonable). Therefore, he has failed to carry his burden under F. R. Civ. P. 56(a), and summary judgment is due to be granted in favor of the Fedonczaks on the issue of breach.

## V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Fedonczaks' Partial Motion for Summary (Doc. # 46) is GRANTED.

The elements of legal duty and breach of legal duty have been established as a matter of law. The other elements of the negligence cause of action—causation and damages—remain to be resolved at trial. None of the other causes of action, including wantonness, underinsured motorist, and loss of consortium are affected by this order,

except to the extent that these causes of action also involve the elements of duty and breach.

Done this the 1st day of February, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE